# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN PRIESTER, JR., BETTIE PRIESTER | § § | |
| v. | § § | Civil Action No. 4:16-CV-449 |
| LONG BEACH MORTGAGE COMPANY, JPMORGAN BANK, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY, SELECT PORTFOLIO SERVICES, INC., GALINDO LAW & TITLE | § § § § § § | (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 3, 2017, the report of the Magistrate Judge (Dkt. #61) was entered containing proposed findings of fact and recommendations that Defendants Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1's ("Deutsche Bank") and Select Portfolio Servicing, Inc.'s ("SPS") (collectively, "Defendants") Motion for Judgment on the Pleadings ("Motion") (Dkt. #10) be denied. Having received the report and recommendation of the Magistrate Judge (Dkt. #61), having considered Defendants' timely filed objections (Dkt. #63), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #61) as the findings and conclusions of the Court.

## BACKGROUND

In late 2005, Plaintiffs Bettie and John Priester ("Plaintiffs") acquired from Long Beach a home equity loan secured by a first lien on their home (Dkt. #3 at 5). *See also Priester v. JP Morgan Chase Bank, N.A.* (*Priester I*), 708 F.3d 667, 671 (5th Cir. 2013). Contemporaneous with closing the loan, Plaintiffs executed a Texas Home Equity Affidavit and Agreement (the "Home Equity Affidavit") making various representations, including that they closed the loan in compliance with the Texas Constitution (Dkt. #10, Exhibit A). Nearly five years later, in mid-2010, Plaintiffs sent Long Beach (and subsequently Chase, which had acquired the loan) a letter requesting that Long Beach and/or Chase "cure" alleged constitutional deficiencies with the home equity loan. Plaintiffs alleged they had only just discovered such deficiencies. Chase took no action to remedy the alleged deficiencies, and, as a result, Plaintiffs sued Chase (and various others) in state court, seeking declaratory judgment. Specifically, Plaintiffs asserted "that the closing of the loan occurred in their home rather than at the office of an attorney, the lender, or a title company as required by the Texas Constitution[] . . . [and] that they did not receive notice of their rights twelve days before closing as required by the state constitution." *Priester I*, 708 F.3d at 671. Chase then removed to federal court and, after the district court granted Chase's motion to dismiss and the Fifth Circuit affirmed, Plaintiffs' case was dismissed. *Id.* at 672, 679. In October 2013, the U.S. Supreme Court denied Plaintiffs' writ of certiorari (*see* Dkt. #62 in Case No. 4:10-cv-641).[1]

Subsequently, on November 26, 2014, Deutsche Bank filed an application for an expedited order of foreclosure under Texas Rule of Civil Procedure 736 ("Rule 736") seeking an order permitting it to proceed with foreclosure of Plaintiffs' home (hereinafter the "Original State Court

---

[1] The Court refers to this set of proceedings collectively and hereinafter as the "Original Federal Action."

Action") (*see* Register of Actions in Case No. 429-04751-2014 in the 429th District Court of Collin County, Texas). The parties to the Original State Court Action included Deutsche Bank (as applicant), the current occupant of the home (as defendant), and Plaintiffs (as defendants). After conducting a hearing, the state court ordered expedited foreclosure on March 15, 2016.

Pursuant to Rule 736.11, Plaintiffs initiated a separate proceeding on June 6, 2016, challenging the propriety of Deutsche Bank's foreclosure and seeking to stop enforcement of the March 15 foreclosure order (hereinafter the "Second State Court Action") (*see* Dkt. #3). Plaintiffs argued in the Second State Court Action the same constitutional issues raised in the Original Federal Action[2] and also asserted that Defendants acted in concert to induce Plaintiffs to close and sign loan documents and security instruments in violation of the Texas Constitution (Dkt. #3 at 9-13). Specifically, Plaintiffs alleged in relevant part as follows:

> Plaintiffs allege the loan closing took place at their home (in violation of Texas Constitution article XVI, section 50(a)(6)(N)) and that "they were not provided the notice, prescribed by [Texas Constitution article XVI, section 50(g)], at least twelve (12) days before the [l]oan closing took place." *Id.* at 10-11. Plaintiffs claim they first discovered these violations when they "visited an attorney regarding their home equity [l]oan with Long Beach" on July 16, 2010. *Id.* at 11. Plaintiffs thereafter notified Long Beach (and its successor-in-interest, Chase) of alleged deficiencies in the loan and security instruments; Plaintiffs assert that, following such notice, neither complied with the remedial provisions of Texas Constitution article XVI, section 50(a)(6)(Q)(x). *Id.* at 12-13. . . .

(Dkt. #55 at 3-4). Additionally, Plaintiffs raise defamation, fraud by nondisclosure, negligent misrepresentation and breach of contract claims against Defendants (Dkt. #3 at 15-32). Deutsche Bank and SPS removed the Second State Court Action to this Court on June 27, 2016 (Dkt. #1).

On July 20, 2016, Defendants filed their Motion for Judgment on the Pleadings (Dkt. #10). Plaintiffs filed their Response to Defendants' Motion for Judgment on the Pleadings on

---

[2] The Court notes that the Texas Supreme Court decided *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016), and *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474 (Tex. 2016), in the interim.

3

August 8, 2016 (Dkt. #23), and Defendants filed their Reply in Support of Motion for Judgment on the Pleadings (Dkt. #28) on August 17, 2016. The Magistrate Judge entered the report and recommendation on February 3, 2017, recommending that Defendants' Motion be denied (Dkt. #61). Defendants timely filed their objections on February 17, 2017 (Dkt. #63).

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes neither party objects to the Magistrate Judge's findings that (1) Defendants properly pleaded their affirmative defenses (Dkt. #61 at 5-6) and (2) the Court properly considered the Home Equity Affidavit (Dkt. #61 at 7-8). As such, and after de novo review of the record, the Court holds these findings are correct. The Court now turns to Defendants' objections. Defendants specifically object to the Magistrate Judge's findings and recommendations as follows: the Magistrate Judge erred in finding that (1) estoppel on Plaintiff's claims is not appropriate; and (2) res judicata is not yet established.

*Objection 1: Estoppel*

Defendants object that the Magistrate Judge erred in finding that the Home Equity Affidavit cannot estop Plaintiffs' claims at this stage of the proceeding. Defendants argue that, because the Home Equity Affidavit forms a basis and/or a part of Plaintiffs' own pleadings, controlling precedent permits estoppel even at this early stage in the litigation by and through a Rule 12(c) motion (Dkt. #63 at 2-6). Defendants urge that Plaintiffs' claims of fraud (and/or artifice and trickery) in the creation of the document, of inaccuracies in its contents, and of its "unsworn" nature do not prevent a finding of estoppel (Dkt. #63 at 2-6).

4

Resolving a Rule 12(c) motion requires a court to determine whether the factual allegations, including matters contained in certain extrinsic documents attached to the pleadings or to a defendant's motion, "raise a right to relief above the speculative level." *Stockwell v. Kanan*, 442 F. App'x 911, 913 (5th Cir. 2011) (per curiam) (ruling on a 12(b)(6) motion and citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (noting 12(c) and 12(b)(6) motions are "subject to the same standard[s]"). The pleadings do so when the well-pleaded facts therein and/or attachments thereto show "more than the mere possibility of misconduct," i.e., acts sufficient to sustain a defendant's liability. *Stockwell*, 442 F. App'x at 913 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Although attachments to the complaint and/or a defendant's motion generally control where the pleaded facts conflict with those contained in the attachment(s), *see id.* (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir.2004); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940)), the inquiry at this stage focuses on the allegations . . . and not on whether the plaintiff actually has sufficient evidence to succeed on the merits[,]" *McCord v. Prudential Ins. Co. of Am.*, No. 1:10-cv-413, 2011 WL 3240486, at *6 (E.D. Tex. July 1, 2011), *report and recommendation adopted*, 2011 WL 3236217.

Here Defendants contend the Home Equity Affidavit wholly forecloses Plaintiffs' claims because the Home Equity Affidavit conclusively estops Plaintiffs from arguing the loan was closed in violation of the Texas Constitution (Dkt. #63 at 3-4). Defendants argue that whether the Home Equity Affidavit was procured through fraud and/or is sworn or unsworn has absolutely no bearing on the dispute and that, in any event, Plaintiffs have in effect authenticated the Home Equity Affidavit by incorporating it into their pleadings (Dkt. #63 at 4-5). Further, Defendants assert the

cases cited in support of their arguments "are applicable regardless of the stage of the litigation" and need not be read to apply only later in the proceedings, such as at the summary judgment stage (Dkt. #63 at 5-6).

Texas law characterizes estoppel, including contractual quasi-estoppel, as an affirmative defense. *See, e.g.*, *Sosa v. Long Beach Mortg. Co.*, No. 03-06-00326-CV, 2007 WL 1711788, at *1 (Tex. App.—Austin June 12, 2007, no pet.) ("Estoppel is an affirmative defense."); *Forney 921 Lot Dev. Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 268 (Tex. App.—Dallas 2011, pet. denied) (characterizing contractual quasi-estoppel as an affirmative defense). In federal court, parties generally must litigate affirmative defenses at the summary judgment stage or at trial. *See F.D.I.C. v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993) (citing Professors Wright and Miller for the proposition that affirmative defenses when raised on a motion to dismiss "may easily be premature" given that facts countering the defense will not necessarily appear in the complaint). Affirmative defenses are litigated in this way because, once a defendant establishes one applies, the plaintiff bears the burden of going "beyond the pleadings and set[ting] forth specific facts showing a genuine dispute for trial . . . ." *See Schirle v. SOKUDO USA, LLC*, No. 4:08-CV-555-Y, 2011 WL 2881422, at *4 (N.D. Tex. July 19, 2011), *rev'd on other grounds by Schirle v. Sokudo USA, L.L.C.*, 484 F. App'x 893 (2012) (unpublished).

Contractual quasi-estoppel, specifically, prevents a party "from asserting, to another's disadvantage, a right inconsistent with a position previously taken" even where the other party shows no "false representation or detrimental reliance." *Salas v. LNV Corp.*, 409 S.W.3d 209, 217 n.2 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Forney*, 349 S.W.3d at 268). Under this doctrine, courts routinely estop plaintiffs from asserting Texas constitutional violations in foreclosure and related proceedings where the defense shows plaintiffs have made sworn

statements to the contrary of their allegations. *See, e.g.*, *Salas*, 409 S.W.3d at 217-20 (finding at summary judgment stage that plaintiffs "did not offer any sworn statement or other evidence to contradict or disclaim the statements they swore to in the affidavits they executed at closing"), *Sosa*, 2007 WL 1711788, at *3 (relying at the summary judgment stage on defendant's proffered "Texas Home Equity Affidavit and Agreement" in concluding the "affirmative defense of estoppel" should apply to estop plaintiffs' Texas constitution claims); *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *10-11 (N.D. Tex. May 21, 2012), *aff'd*, 514 F. App'x 483 (5th Cir. 2013) (determining at the summary judgment stage that plaintiff failed to create a genuine issue of material fact through "tentative testimony" where affidavits created contemporaneous with closing provided evidence to the contrary). The determination whether a document has such estoppel effect typically is made at the summary judgment or trial stage because it constitutes litigation of an affirmative defense. *See, e.g.*, *Salas*, 409 S.W.3d at 217-20 (summary judgment), *Sosa*, 2007 WL 1711788, at *3 (summary judgment); *Puig*, 2012 WL 1835721, at *10-11. *But see Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *9 (N.D. Tex. Nov. 28, 2012) (granting motion to dismiss where Plaintiffs did not contest the sworn home equity affidavit and did not allege the affidavit contradicted their pleaded allegations).

To reiterate, in the present case Defendants object that the Magistrate Judge erred in concluding the Home Equity Affidavit's estoppel effect could not be determined at this stage of the proceedings through a Rule 12(c) motion (Dkt. #63). The Magistrate Judge determined Plaintiffs' claims that the Home Equity Affidavit never was notarized and/or that Defendants procured the Home Equity Affidavit by trickery, fraud, or deceit (*see, e.g.*, Dkt. # 3 at 12-19; Dkt. #23 at 15-16) precluded judgment on the pleadings on Defendants' affirmative defenses at this stage because such determination might easily be premature (Dkt. #61 at 8-9). The Magistrate

Judge concluded Plaintiffs should be provided an opportunity to substantively respond—i.e., with evidence and/or more detailed factual allegations. Defendants argue that Plaintiffs' claims in this matter do not alter the Home Equity Affidavit's estoppel effect, asserting "[t]he cases cited by the Magistrate Judge wherein courts have found borrowers estopped from asserting claims contradicted by statements in an Affidavit . . . [should apply] regardless of the stage of the litigation . . . or whether the document is notarized" (Dkt. #63 at 6 (citing *Simmons*, 113 F.2d at 813, for the proposition that "[t]he litigant may be defeated by his own evidence, the pleader by his own exhibits[] . . .")). However, in making such assertion, Defendants fail to note that each of those cases hinge upon the sworn, largely undisputed nature of the documents attached to the pleadings. *Salas*, 409 S.W.3d at 219-20 (Plaintiffs "did not offer any sworn statement or other evidence to contradict or disclaim the statements they swore to in the affidavits they executed at closing."); *Sosa*, 2007 WL 1711788, at *3 (noting plaintiffs "never disputed" the dispositive fact that they also had "affirmatively represented" at the loan closing); *Puig*, 2012 WL 1835721, at *10-11 (considering plaintiffs' evidence to the contrary of the Affidavits before determining the parties had no "genuine dispute" about the representations made in the affidavits); *Summers*, 2012 WL 5944943, at *9 (focusing on plaintiffs' representations made "under oath" in their Affidavit where plaintiffs did not contest those representations). Further, Rule 12(c) motions are "disfavored and rarely granted" in this Circuit. *Boyd v. Dallas Indep. Sch. Dist.*, No. 3:08–CV–0426–M (BF), 2009 WL 159243, at *1 (N.D. Tex. Jan. 21, 2009) (Lynn, J.) (citing *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)); *see also Hairston v. Geren*, No. C–08–382, 2009 WL 2207181, at * 3 (S.D. Tex. July 21, 2009) ("[A] motion to dismiss under Rule 12(c) is disfavored and rarely granted."). As such, these cases support the Magistrate Judge's determination that granting judgment on the pleadings on Defendants' estoppel defense would be premature at this stage: where a party disputes

8

and/or raises substantive concerns regarding the document relied upon to impose the estoppel effect, courts routinely consider evidence proffered alongside the document to determine the applicability of the estoppel defense. *See Salas*, 409 S.W.3d at 218-19. So to here, the Court finds such treatment appropriate. Accordingly, and in light of the authorities cited *supra*, dismissal at this stage on estoppel grounds would be inappropriate. The Court will wade into the factual considerations necessary to resolve the Parties' disputes regarding the Home Equity Affidavit upon motion for summary judgment. The Court overrules Defendants' first objection.

*Objection 2: Res Judicata*

Defendants also argue the Magistrate Judge erroneously concluded Defendants do not establish the fourth element of res judicata—the requirement that the same claim or cause of action was raised in a prior proceeding (Dkt. #63 at 6-8). Specifically, Defendants contend that the same claim or cause of action arises here as in the *Priester I* litigation and that the Magistrate Judge erred in concluding no "same claim" finding could be made on the pleadings alone given Plaintiffs' allegations of a material change in circumstances: Defendants assert definitively no material change in circumstances has occurred. Moreover, Defendants argue that, because Plaintiffs' declaratory judgment and fraudulent concealment claims accrued (if at all) prior to the *Priester I* litigation, those claims are barred by res judicata (Dkt. #63 at 6-8). The Court focuses its analysis as the Magistrate Judge did on the fourth element, as the Court agrees no finding can be made regarding whether a material change in circumstances has occurred in this case on the current pleadings.

Four elements comprise a successful res judicata defense under federal law: (1) identical parties (or parties in privity); (2) a prior judgment entered by a court of competent jurisdiction; (3) a "final judgment on the merits"; and (4) the "same claim or cause of action" as in the previous

case. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). The party asserting res judicata bars an issue or claims bears the "strict burden of establishing each element of the defense . . . ." *See Webb v. Town of St. Joseph*, 560 F. App'x 362, 366-67 (5th Cir. 2014) (per curiam) (reversing a district court's grant of a motion to dismiss where defendants "failed to meet the strict burden of establishing each element of the defense" where the defendants failed to establish the fourth element of res judicata was met). This means that, at the 12(c) stage, a defendant must show "the elements of res judicata are apparent on the face of the pleadings" in order to prevail. *See, e.g.*, *United States v. Louisiana*, 196 F. Supp. 3d at 648 (quoting *Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014), in turn citing *Kansa Reinsurance Co. v. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)); *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*, No. 5:12CV39, 2013 WL 3927861, at *3 (E.D. Tex. July 25, 2013), *aff'd sub nom. Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216 (5th Cir. 2014) (noting that, prior to resolving a motion to dismiss on res judicata grounds, the court held hearing and considered oral arguments in addition to the parties' briefing); *see also Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952) ("With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ."). Here the Magistrate Judge determined Defendants have not established the fourth element of res judicata because "it is unclear from the face of the pleadings whether a material change in circumstances and/or the operative facts has occurred"; the Magistrate Judge accordingly recommended denying judgment on the pleadings on res judicata grounds (Dkt. #61 at 14-15).

Satisfying the fourth element of res judicata requires a party to show "the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). Two cases share a nucleus of operative facts where the facts underlying each "relate[] in time, space, origin, or motivation, . . . they form a convenient trial unit, and . . . their treatment as a unit conforms to the parties' expectations or business understanding or usage." *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010). Determining whether two cases present the "same claim" requires a court to focus on the facts "'rather than [on] the type of relief requested, substantive theories advanced, or types of rights asserted.'" *Id.* (quoting *Davenport*, 484 F.3d at 326). Additionally, significant new facts that create new legal conditions may constitute a material change in circumstances giving rise to new claims not barred by res judicata. *See Wilson v. Lynaugh*, 878 F.2d 846, 851 (5th Cir. 1989).

Plaintiffs allege the foreclosure proceedings underlying this case constitute a material change of circumstances: Plaintiffs assert they now "are faced with the real and concrete threat of losing their home" where they were not before (Dkt. #23 at 13). Defendants contend, however, that Plaintiffs' claims here accrued, if at all, prior to the *Priester I* litigation, such that the foreclosure proceedings cannot have revived those claims (Dkt. #63 at 6-7) (citing *Feuerbacher v. Wells Fargo Bank*, No. 4:15-CV-59, 2016 WL 3669744 (E.D. Tex. July 11, 2016)). The Court held in *Feuerbacher* that the Texas Supreme Court's decisions in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016), and *Garofolo v. Ocwen Loan Servicing*, 497 S.W.3d 474 (Tex. 2016), did not abrogate *Priester I*'s holding regarding the accrual of certain causes of action, namely to quiet title. 2016 WL 3669744, at *6. *Priester I* held "that the legal injury rule applies to the creation of unconstitutional liens" such that a cause of action for unconstitutional lien claims

accrues at the point of injury (absent the application of a tolling doctrine). 708 F.3d at 675-76. But at the time the Fifth Circuit decided *Priester I*, Defendants had not initiated any foreclosure proceedings and, in any case, Plaintiffs had not yet alleged, as they do here, that Defendants attempted to foreclose the purportedly unconstitutional lien.

The Court finds Plaintiffs are "entitled to offer evidence to support [their claim,]" given their allegations. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). Moreover, the Court declines to determine whether the foreclosure proceedings here constitute a material change in circumstances and/or operative facts at this stage without Plaintiffs having ever been provided an opportunity to amend. Plaintiffs should be afforded leave to amend their Original Petition so as to more fully set out the details of the alleged material change of circumstances. *See Waller v. DB3 Holdings, Inc.*, No. 3:07-CV-0491-D, 2008 WL 373155, at *10 (N.D. Tex. Feb. 12, 2008) (finding leave to amend appropriate despite two prior amendments given "the pull to decide cases on the merits rather than on the sufficiency of the pleadings"); *cf. Mason v. Bank of Am.*, No. 4:13cv738, 2015 WL 1393235, at *1 (E.D. Tex. Mar. 25, 2015) (noting in granting a motion to dismiss that the court had previously directed plaintiff "to file a brief stating how his claims were not barred by res judicata").

## CONCLUSION

Having considered each of Defendants' timely filed objections (Dkt. #63), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #61) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants' Motion for Judgment on the Pleadings (Dkt. #10) is **DENIED**.

It is further **ORDERED** that Plaintiffs shall file an Amended Complaint on or before March 17, 2017, setting forth those factual bases for any alleged material change in circumstances.

**IT IS SO ORDERED**.

SIGNED this 3rd day of March, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE