# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN PRIESTER, JR., BETTIE PRIESTER | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-449 |
| | § | (Judge Mazzant/Judge Nowak) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 19, 2017, the report of the Magistrate Judge (Dkt. #82) was entered containing proposed findings of fact and recommendations that Plaintiffs John Priester and Bettie Priester's Partially Unopposed Motion for Miscellaneous Relief (Dkt. #74) be granted in part and denied in part and that Plaintiffs' first-filed Amended Complaint (Dkt. #66) be stricken. Having received the report and recommendation of the Magistrate Judge (Dkt. #82), having considered Plaintiffs' timely filed objections (Dkt. #87) Defendants' response thereto (Dkt. #95), and Plaintiffs' reply (Dkt. #97), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #82) as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

The Court already has detailed the factual and procedural history of this case in prior memoranda entered in this matter (*see* Dkt. #62; Dkt. #64), and the Magistrate Judge explains thoroughly the background related to the motion at issue here (*see* Dkt. #82 at 1-3). Accordingly,

the Court outlines only the background necessary to address Plaintiffs' objections and Defendants' response thereto.

In late 2005, Plaintiffs Bettie and John Priester acquired from Long Beach Mortgage Company ("Long Beach") a home equity loan secured by a first lien on their home (Dkt. #3 at 5). *See also Priester v. JP Morgan Chase Bank, N.A.* (*Priester I*), 708 F.3d 667, 671 (5th Cir. 2013). Contemporaneous with closing the loan, Plaintiffs executed a Texas Home Equity Affidavit and Agreement (the "Home Equity Affidavit") making various representations, including that they closed the loan in compliance with the Texas Constitution (Dkt. #10, Exhibit A). Nearly five years later, in mid-2010, Plaintiffs sent Long Beach (and subsequently JPMorgan Bank, N.A. ("Chase"), which had acquired the loan) a letter requesting that Long Beach and/or Chase "cure" alleged constitutional deficiencies with the home equity loan. Plaintiffs alleged they had only just discovered such deficiencies. Chase took no action to remedy the alleged deficiencies, and, as a result, Plaintiffs sued Chase (and various others) in state court, seeking declaratory judgment. Specifically, Plaintiffs asserted "that the closing of the loan occurred in their home rather than at the office of an attorney, the lender, or a title company as required by the Texas Constitution[] . . . [and] that they did not receive notice of their rights twelve days before closing as required by the state constitution." *Priester I*, 708 F.3d at 671. Chase then removed to federal court and, after the district court granted Chase's motion to dismiss and the Fifth Circuit affirmed, Plaintiffs' case was dismissed. *Id.* at 672, 679. In October 2013, the U.S. Supreme Court denied Plaintiffs' writ of certiorari (*see* Dkt. #62 in Case No. 4:10-cv-641).[1]

Subsequently, on November 26, 2014, Deutsche Bank filed an application for an expedited order of foreclosure under Texas Rule of Civil Procedure 736 ("Rule 736") seeking an order

---

[1] The Court refers to this set of proceedings collectively and hereinafter as the "Original Federal Action."

permitting it to proceed with foreclosure of Plaintiffs' home (hereinafter the "Original State Court Action") (*see* Register of Actions in Case No. 429-04751-2014 in the 429th District Court of Collin County, Texas). The parties to the Original State Court Action included Deutsche Bank (as applicant), the current occupant of the home (as defendant), and Plaintiffs (as defendants). After conducting a hearing, the state court ordered expedited foreclosure on March 15, 2016.

Plaintiffs filed this case in the 380th Judicial District Court of Collin County, Texas, on June 6, 2016, seeking, *inter alia*, to prevent Defendants from foreclosing Plaintiffs' home (Dkt. #1). Defendants removed the case on June 27, 2016, asserting the Court had diversity jurisdiction over the matter because Plaintiffs had improperly joined a number of non-diverse defendants (Dkt. #1). The Court agreed, finding Plaintiffs had improperly joined the non-diverse defendants, and dismissing the non-diverse defendants from this suit (Dkt. #62). In the meantime, Defendants had filed a motion for judgment on the pleadings arguing, *inter alia*, the Court should dismiss Plaintiffs' claims as barred by res judicata (Dkt. #10). Plaintiffs alleged, however, that a material change in circumstances had occurred, precluding application of the res judicata defense (Dkt. #23). The Court determined after considering the arguments that "Plaintiffs should be afforded leave to amend their Original Petition so as to more fully set out the details of the alleged material change of circumstances" and provided Plaintiffs leave through March 17, 2017, to file an amended complaint setting forth such details (Dkt. #64).

Plaintiffs thereafter filed an Amended Complaint on March 17, 2017 (Dkt. #66) (hereinafter the "First-Filed Amended Complaint"), purporting therein to assert claims against the previously dismissed non-diverse defendants as well as new claims against Defendants Deutsche Bank and Select Portfolio Services, Inc. ("SPS"), and attempting to join an additional non-diverse

defendant, Hughes, Watters & Askanse LLP ("HWA").[2] Specifically, through the First-Filed Amended Complaint, Plaintiffs claim HWA is a "Texas Limited Liability Company" based in Houston, Texas, which makes it a "Texas resident[,] destroying diversity" (Dkt. #66 at 2, 4). Plaintiffs allege, as well, that SPS retained HWA in or around November 2014 "to collect the alleged debt surrounding [Plaintiffs' home]" and that "HWA threatened foreclosure on the void lien" at the center of this lawsuit; Plaintiffs claim these actions constitute violations of the Fair Debt Collection Practices Act ("FDCPA") (on the part of HWA and SPS) and the Texas Debt Collection Act ("TDCA") (on the part of HWA, SPS, and Deutsche Bank) (Dkt. #66 at 10, 29-30). Defendants (including the previously dismissed non-diverse defendants) responded by filing multiple motions to dismiss, raising myriad objections to the First-Filed Amended Complaint (Dkt. #69; Dkts. #71-73). Plaintiffs then filed the instant motion (Dkt. #74) and a further Amended Complaint (Dkt. #75) (hereinafter the "Amended Complaint"), which largely duplicates the First-Filed Amended Complaint but removes the previously dismissed defendants from its roster of "Parties." In sum, the Amended Complaint names a new party (HWA) and includes new claims under the FDCPA against SPS and HWA and under the TDCA against SPS, HWA, and Deutsche Bank.

The Magistrate Judge entered a report and recommendation on May 19, 2017, recommending that Plaintiffs' Partially Unopposed Motion for Miscellaneous Relief (Dkt. #74) be granted in part and denied in part, and that the First-Filed Amended Complaint (Dkt. #66) be stricken (Dkt. #82). Plaintiffs timely filed objections to the Magistrate Judge's report and

---

[2] The Court notes Plaintiffs filed the First-Filed Amended Complaint without seeking leave to assert new claims or to join new party-defendants, and the time had expired under the then-existing scheduling order so to do (*see* Dkt. #32).

recommendation on June 2, 2017 (Dkt. #87), and Defendants responded in turn on June 13, 2017 (Dkt. #95). Plaintiffs filed a reply to Defendants' response on June 16, 2017 (Dkt. #97).[3]

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes the Magistrate Judge finds in the report and recommendation that (1) the First-Filed Amended Complaint should be stricken, (2) "leave to add the non-diverse Defendant HWA should be denied," (3) "Plaintiffs' new claim against SPS for violation of the FDCPA has no merit" and accordingly is futile; (4) "leave to add the TDCA claims pleaded in the Amended Complaint [against Deutsche Bank and SPS] should be granted[,]" and (5) "[a]ny other requests to amend made by Plaintiffs through [the instant motion] should be denied" (Dkt. #82 at 3 n.1, 16). Neither Party objects to the Magistrate Judge's first, fourth, or fifth findings. As such, the Court adopts these findings and proceeds to evaluate Plaintiffs' objections regarding the FDCPA claims against HWA and SPS (the second and third findings), and the denial of leave to join HWA (the second finding).

Plaintiffs object that the Magistrate Judge erred in finding Plaintiffs' amendment to add claims against (and to join) HWA in this lawsuit improper (Dkt. #87). Specifically, Plaintiffs assert the Magistrate Judge erroneously applied the stricter standard for post-removal joinder of a non-diverse defendant (supplied by *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)) because Plaintiffs allege a claim under the FDCPA (and thus a federal question) against HWA. Further, Plaintiffs assert that, even if *Hensgens* does apply, the Magistrate Judge improperly

---

[3] The Court **GRANTS** Plaintiffs' Unopposed Motion for Leave to Reply to Defendants' Response to Plaintiffs' Objections to the Magistrate's Report and Recommendations (Dkt. #96).

applied the *Hensgens* factors and, thus, found Plaintiffs should not be permitted leave to join (or assert claims against) HWA. Finally, Plaintiffs claim that, under the lighter standard governing amendment of pleadings after a scheduling order deadline has expired (via Federal Rule of Civil Procedure 16(b) and *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003)), which the Magistrate Judge should have applied, Plaintiffs' request for leave to amend must be granted (Dkt. #87). Defendants argue in response that (1) the Magistrate Judge properly applied the *Hensgens* factors (and reached the appropriate conclusion in so doing) because Plaintiffs clearly intended to destroy the Court's subject matter jurisdiction through joinder of HWA and (2) an amendment to add an FDCPA claim against HWA would be futile (because the claim is barred by the statute of limitations or because HWA has immunity against Plaintiffs' claims) (Dkt. #95). Plaintiffs contend in their reply in support of their objections that Defendants misinterpret the relation back doctrine and assert Rule 15(c)(1)(B) should apply such that Plaintiffs need only show the amendment relates to a core set of facts set out in the original pleading (Dkt. #97). Plaintiffs assert, as well, that their amendment should relate back to Defendant's initiation of the Rule 736 proceeding in November 2014. Plaintiffs also argue for the first time that the Magistrate Judge erred in finding their claim in the Amended Complaint against SPS futile (Dkt. #97).

*Futility of FDCPA Claims*

The Court first addresses the Parties' arguments concerning Plaintiffs' new FDCPA claims against SPS and HWA and finds that (1) these claims are barred by the applicable statute of limitations and (2) any amendment to add such claim would be futile. *See, e.g.*, *Crostley v. Lamar Cty.*, 717 F.3d 410, 422 (5th Cir. 2013) (finding "the bar created by the statute of limitation for a claim against [defendant] means that an amendment adding him as a defendant would indeed be futile" and affirming the district court's denial of motion for leave); *August v. Woods*, No. 1:12-

6

CV-15, 2015 WL 1119736, at *2 (E.D. Tex. Feb. 13, 2015), *report and recommendation adopted*, 2015 WL 1119766 (E.D. Tex. Mar. 12, 2015) ("The proposed amendments are futile because the claims against the newly-identified defendants are barred by the statute of limitations.").

The FDCPA provides that "[a]n action to enforce any liability created by [the FDCPA] may be brought in any appropriate United State district court . . . or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 16 U.S.C. § 1692k. Plaintiffs allege HWA's violation of the FDCPA took place in approximately November 2014 (Dkt. #75 at 9); accordingly, absent some reason for tolling the limitations period (and Plaintiffs raise none here),[4] Plaintiffs should have raised any claims under the FDCPA on or before November 2015. Plaintiffs, however, did not initiate the present lawsuit until June 6, 2016, well after the limitations period had run (*see* Dkt. #3). Further, even were the Court to consider November 26, 2014, the date on which Defendant Deutsche Bank initially applied for an expedited order of foreclosure (and in response to which Plaintiffs filed the instant suit), as the date on which the present litigation began for limitations purposes, Plaintiffs wholly fail to articulate any valid reason why their newly raised FDCPA claims should relate back to that date and/or why they should be tolled.[5]

Federal Rule of Civil Procedure 15(c)(1) reads in whole as follows:

An amendment to a pleading relates back to the date of the original pleading when:

---

[4] Plaintiffs claim for the first time in their reply in support of their objections that the statute of limitations on their FDCPA claims should be tolled because the statute of limitations on their underlying claims (under the Texas Constitution) has changed pursuant to the Texas Supreme Court's decision in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016). Plaintiffs cite no authority for this position and, in any event, failed to raise these arguments and allegations before the Magistrate Judge. *See, e.g.*, *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013) (finding plaintiff's "evidence and arguments presented for the first time upon objection to a report and recommendation need not be considered").

[5] Plaintiffs seemingly assert the "procedural quirks of [Rule] 736" that resulted in their filing of a separate action to halt Defendants' separate Rule 736 expedited foreclosure proceeding should convince the Court to disregard the fact that Plaintiffs filed the instant suit outside of the applicable statute of limitations (Dkt. #97). The Court has already rejected the reasoning underlying this objection and concludes its earlier finding—that the Rule 736 proceeding constitutes a proceeding distinct from the counter-suit one must file to halt the Rule 736 proceeding—precludes Plaintiffs' argument here (*see* Dkt. #62 at 11-13).

(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. The Fifth Circuit has held that a party's addition of "a new defendant generally does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure [15(c)(1)(C)] applies." *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006); *see also* Fed. R. Civ. P. 15 advisory committee's note 2007 (noting restyling of rule and providing Rule 15(c)(1)(C) replaces former Rule 15(c)(3)). This rule exists because "relation back is intimately connected with the statute of limitations . . . ." *Id.* at 806 n.12 (examining the Fed. R. Civ. P. 15 advisory committee's notes and collecting cases). Courts evaluate "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint" in determining whether Rule 15(c)(1)(C) applies. *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010)). Critically, where a plaintiff fails to show a newly named defendant "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*[,]" the plaintiff's amendment adding claims against such defendant does not relate back under Rule 15(c). *Id.* (emphasis added) (quoting Fed. R. Civ. P. 15(c)); *see also Orchestratehr, Inc. v. Trombetta*, No. 3:13-cv-2110-KS-BH, 2016 WL 4563348, at *5 (N.D. Tex. Sept. 1, 2016) ("Even if the claims against [the newly named defendants] arose out of the same transaction as the

8

previously brought claims, for them to relate back to the original filing date, there must have been a mistake as to their identities.").[6]

Plaintiffs neither assert nor prove that HWA knew or should have known that the present suit would have been brought against it but for a mistake concerning its identity. Indeed, on the record before the Court, Plaintiffs knew of HWA's involvement as counsel for SPS and Deutsche Bank since as early as November 2014 and yet did not indicate any intent to raise claims against HWA for such involvement until seeking leave to amend in 2017. *See, e.g.*, *Tapp v. Shaw Envtl., Inc.*, 401 F. App'x 930, 934 (5th Cir. 2010) (per curiam) (finding plaintiff's failure to "provide[] any evidence that [newly named defendant] had actual knowledge or should have been aware that it was an intended party to the suit within 120 days of the filing of [the] original Complaint" precluded relation back of the claim against the newly named defendant); *Trombetta*, 2016 WL 4563348, at *5 (dismissing claims as barred by the applicable statute of limitations because they did not relate back to the lawsuit's original filing date). The Court finds that Plaintiffs have attempted to raise their FDCPA against HWA for the first time in 2017, well after the statute of limitations has expired on such claim, and also that Plaintiffs fail to allege or show their amendment raising this claim should relate back to a date within the limitations period.[7] The Court overrules Plaintiffs' objection as to the claim against HWA for violation of the FDCPA.

---

[6] The Court notes that, contrary to Plaintiffs' argument that *Braud* "refers to a rule that no longer exists[,]" namely Fed. R. Civ. P. 15(c)(3), the advisory committee's notes show that Rule 15(c)(3) was merely restyled as Rule 15(c)(1)(C). Furthermore, courts have continued to hold (as did *Braud*) that, where a party amends to join a new party, the amendment will relate back only when the requirements of Rule 15(c)(1)(C) are met, notwithstanding Rule 15(c)'s disjunctive wording. *See supra* cases cited in the text.

[7] The Court notes Plaintiffs also attempt for the first time to raise new allegations in their reply in support of their objections regarding when HWA acted in contravention of the FDCPA (*see* Dkt. #97 at 3-4 (claiming "HWA made several statements in February 2016 that violate the FDCPA" and likewise in "March 2016")). Plaintiffs did not raise these arguments before the Magistrate Judge or include such allegations in either the First-Filed Amended Complaint or the Amended Complaint (*see* Dkt. #66; Dkt. #75). *See, e.g.*, *Imperium*, 920 F. Supp. 2d at 752 (finding plaintiff's "evidence and arguments presented for the first time upon objection to a report and recommendation need not be considered"). Accordingly, the Court need not consider these allegations. Furthermore, the in-circuit authority Plaintiffs cite in support of their argument, *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013), is wholly inapposite. In *Serna*, the Fifth Circuit held the FDCPA statute of limitations begins to run in a

Plaintiffs' claims against SPS also are barred by the applicable statute of limitations—irrespective of whether SPS constitutes a debt collector—and, thus, Plaintiffs' attempt to add such claims similarly would constitute a futile amendment. Unlike amendments to add claims against new parties, amendments to add new claims against existing parties may relate back to the original pleading "when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence' set out in the original complaint.'" *Lisle v. Plano*, No. 4:15-cv-372, 2016 WL 5415431, at *6 (E.D. Tex. Sept. 28, 2016) (quoting Fed. R. Civ. P. 15(c)(B)). Applied in the instant case, Plaintiffs' amendment to add an FDCPA claim against SPS would relate back to the date of Plaintiffs' filing of the original complaint in this action, that is, June 16, 2016 (*see* Dkt. #1). But the latest action Plaintiffs allege SPS took in the Amended Complaint was in November 2014 (*see* Dkt. #75 at 9). As a result, Plaintiffs' claim against SPS under the FDCPA expired in November 2015, long before they filed suit in June 2016. Plaintiffs' claim against SPS is barred by the applicable statute of limitations such that permitting Plaintiffs leave to amend to assert such claim would be futile. The Court overrules Plaintiffs' objection as to the claim against SPS for violation of the FDCPA.[8]

***Application of the* Hensgens *Factors***

The Court further finds the *Hensgens* factors apply here and that the Magistrate Judge appropriately balanced those factors in recommending that the Court deny Plaintiffs leave to

---

case where a debt collector files suit in violation of the FDCPA "fair venue" provision—i.e., files suit in a forum distant to the debtor—only once the debtor is served notice of suit. *See* 732 F.3d at 445-46. Plaintiffs have not before and do not now raise such claims. The out-of-circuit authorities likewise are inapplicable, as Plaintiffs failed to include in the Amended Complaint (the relevant document for the purposes of this analysis) any allegations of behavior on HWA's part within one year of June 16, 2016, in violation of the FDCPA. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (holding "futility" in the context of amendment "mean[s] that the *amended complaint* . . . fail[s] to state a claim upon which relief could be granted" (emphasis added)).

[8] The Court notes neither Party objects to the finding that Plaintiffs' TDCA claims should be allowed, nor do they raise any argument regarding the statute of limitations applicable to Plaintiffs' TDCA claims, if any. Accordingly, the Court does not consider any such argument here.

amend. *Hensgens* applies where a party seeks leave to amend to add a non-diverse party that, if added, would destroy the court's subject-matter jurisdiction. *Hensgens*, 833 F.2d at 1181-82 (assigning heightened scrutiny to amendments to join non-diverse parties where such would destroy the court's subject-matter jurisdiction); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State."). In this case, Defendants removed solely on the basis of diversity jurisdiction (Dkt. #1) and, after finding each of the non-diverse Defendants named at the outset of the case improperly joined, the Court found it could exercise diversity jurisdiction over the case (Dkt. #62). The addition of a non-diverse defendant like HWA necessarily would destroy the Court's existing basis for subject-matter jurisdiction.

### A. *Plaintiffs' Argument Federal Question Jurisdiction Exists*

Plaintiffs first advance that, because they also assert a federal claim (through the FDCPA) against HWA, the Court still would retain subject-matter jurisdiction over the case, albeit on federal question grounds. Defendants argue in response that permitting such claim would enable Plaintiffs to engage in gamesmanship: Plaintiffs could simply achieve joinder of HWA, then dismiss the federal claim in an attempt to destroy the Court's jurisdiction over the remaining (wholly state law) claims.

Neither Party directs the Court to any authority holding that, where defendants remove a case solely on diversity grounds, a plaintiff may later raise a federal claim, such that even if diversity is destroyed, federal question jurisdiction would be created and/or maintained. Plaintiffs cite *Kidd v. Sw. Airlines, Co.*, 891 F.2d 540 (5th Cir. 1990), in support of their argument that this can be achieved. *See* 891 F.2d at 545-46 ("Even though federal subject matter jurisdiction did not

exist over Kidd's original complaint, Kidd's amended complaint, filed after removal, confers federal question jurisdiction on the district court by stating a claim under the Employee Retirement Income Security Act of 1977 . . . ."). But in *Kidd*, the defendant originally had removed on the basis of the court's federal question, not diversity, jurisdiction, thus, the amended complaint cured deficiencies in the asserted basis for jurisdiction. *See Kidd*, 891 F.2d at 541-42. Moreover, the focus of the Court's analysis in that case was that removal was improper to begin with, which is not the case here, where removal was proper on the basis of the Court's diversity jurisdiction. *Kidd* is unpersuasive here, and the Court has found no case directly addressing this question in its own research. Consideration of Plaintiffs' argument is largely academic, however, as it does not impact the Court's resolution of Plaintiffs' Motion. As noted *supra*, Plaintiffs assert only two federal claims through the Amended Complaint—under the FDCPA against HWA (a non-diverse defendant) and against SPS—and the Court has found that each of these claims should be rejected as futile. Joinder of HWA, then, necessarily would destroy the Court's subject-matter jurisdiction, as the Parties no longer would be completely diverse; as a result, the Magistrate Judge properly examined HWA's joinder through the lens of *Hensgens* and properly balanced the factors prescribed therein.

### B. *Delay and Motive Properly Considered Whether* **Hensgens** *Applies or not*

Further, and with regard to Plaintiffs' attempt to join HWA, the Magistrate Judge properly considered Plaintiffs' delay and representations regarding joinder of HWA and the Court's jurisdiction, irrespective of whether *Hensgens* applies in this case. Courts in this circuit infer bad faith in seeking amendment where the party seeking leave to amend knew of the facts underlying the claim at the time the party filed the original pleading and yet delayed in amending. *See, e.g.*, *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (upholding denial of leave to amend

where party "sought leave to add both a fact of which it had been aware since before it filed its original complaint and a cause of action based on the identical, known facts [underlying] its original complaint"); *Starling v. Fuller*, 74 F.3d 1236, *2 & n.1 (5th Cir. 1995) (unpublished) (finding district court did not abuse discretion in finding plaintiffs exhibited bad faith in seeking amendment where plaintiffs knew of the facts underlying the added claim "well before [they] filed their original complaint"); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, No. 3:98-cv-1360-L, 1999 WL 508411, at *4 (N.D. Tex. July 16, 1999) (denying leave to amend to join new party). Courts also consider whether the party has offered a "reasonable explanation for its delay in amending its complaint." *In re Southmark*, 88 F.3d at 316 (noting "in exercising . . . discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed"). Here, Plaintiffs filed suit in June 2016. Plaintiffs were aware of HWA and any claims they might have against it at that time. Further, courts examine the context of a party's request for leave to amend to determine the party's underlying motive in seeking leave. *See, e.g.*, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-42 (5th Cir. 1993) (upholding district court's denial of leave to amend where "plaintiffs knew of the facts underlying their [newly raised] claim before this action commenced" and where plaintiffs waited to file leave to amend until after defendant filed a motion for summary judgment); *Smith v. Chrysler Grp., LLC*, No. 1:15-cv-218, 2016 WL 7743688, at *4 (E.D. Tex. Aug. 12, 2016) (denying leave to amend and finding plaintiff's "failure to plead a cause of action that was readily apparent at the outset of the case strongly suggest[ed] either a lack of diligence . . . or bad faith" where plaintiff "admit[ted] that the facts supporting [her] breach of contract claim were apparent when she filed suit" but waited until after the court granted summary judgment against her on other

claims). The Magistrate Judge documented well both the context of Plaintiffs' request for leave to amend and Plaintiffs' apparent motive in seeking leave (i.e., to destroy jurisdiction):

> To begin, Plaintiffs knew or should have known they had claims, if any, against HWA prior to filing suit in the instant case. Specifically, Plaintiffs allege HWA contacted them as early as November 10, 2014, at SPS's behest [*see* Dkt. 75 at 10]. Plaintiffs filed the present suit on June 6, 2016, more than eighteen months after this alleged contact, asserting claims related to foreclosure of their home; Plaintiffs raised no claims against HWA in the Original Petition and did not allege any wrongdoing associated with the foreclosure itself [Dkt. 1]. In the most recent Amended Complaint, Plaintiffs add allegations that SPS and HWA acted wrongfully in sending letters and/or making telephone calls to Plaintiffs threatening foreclosure of an allegedly void lien [Dkt. 75 at 9, 28-29]. This wrongful conduct, Plaintiffs allege, violates the FDCPA and the TDCA [Dkt. 75 at 28-29]. Plaintiffs' pleadings demonstrate Plaintiffs knew of HWA and its alleged wrongful conduct before bringing suit; Plaintiffs' attempt to join HWA and assert claims against it now, only after Defendants removed the case and the Court has denied remand, appears primarily to be a last-ditch effort to destroy the Court's jurisdiction over this case. . . . Plaintiffs (and their counsel) have used this tactic before in this very Court, and to no avail. *Priester*, 2011 WL 6116481, at *2 (finding that, because the Priesters—Plaintiffs herein—"should have known of the existence of" certain non-diverse defendants added after named defendants therein removed the case, Plaintiffs' attempt to join and assert claims against those defendants once in federal court "appear[ed] to the Court" to be an attempt "simply to defeat the Court's jurisdiction"); *see also Feuerbacher*, 2015 WL 7756128, at *1-2 (same counsel using same tactic—filing an amended complaint without leave and joining non-diverse parties in an apparent attempt to destroy diversity jurisdiction after removal). Furthermore, Plaintiffs make clear in their Motion and in the most recent Amended Complaint that they believe jurisdiction over their claims vests only in Texas state courts [Dkt. 74 at 1 ("These interrelated matters should have permanently placed jurisdiction in the Texas State Courts to address matters concerning the Texas State Constitution and Texas real property."), 4 ("Plaintiffs believed there was no viable method for the Court to assert jurisdiction over the matters that *clearly* implicate crucial matters of state law[] . . . ."), 6 ("[T]he addition of the debt collectors serves the additional end [of] curing the other Defendants' forum manipulation."), 8 ("Plaintiffs again urge this court to reconsider that determination, . . . this should be a matter for the State Courts to determine and the Federal Courts should avoid another Six years of bad law."); *see also* Dkt. 75 at 3 ("Defendants, . . . Hughes, Watters, & Askanse LLP are . . . Texas residents destroying diversity.")]. And Plaintiffs do not explain why they waited to join HWA until now, though they knew of HWA and apparently of the claims against it as early as November 2014.

(Dkt. #82 at 6-7). The Magistrate Judge thus concluded (within the *Hensgens* analysis) that "Plaintiffs' tactics and representations militate heavily in favor of denying amendment" (Dkt. #82 at 8). The Court agrees: Plaintiffs' repeated representations in this matter regarding the Court's lack of jurisdiction (specifically, that the addition of HWA defeats jurisdiction (Dkt. #75 at 3; *see also* Dkt. #91 at 3)) and the timing of their motion requesting leave to amend are indicative of their motive in seeking leave here. Accordingly, even were the Court to find *Hensgens* does not apply in this matter, the Court would deny Plaintiffs' request for leave to amend to join HWA as party, as it is clear from Plaintiffs' representations (and timing) that the attempt to join HWA is an improper use of amendment procedure. *See Wimm*, 3 F.3d at 139 (noting "such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment" inform the determination whether amendment should be permitted); *see also Smith*, 2016 WL 7743688, at *4. In light of the foregoing, Plaintiffs' request to amend in order to join HWA as a party to this lawsuit should be denied. The Court overrules Plaintiffs' objection.

## CONCLUSION

Having considered each of Plaintiffs' timely filed objections (Dkt. #87) and Defendants' response thereto (Dkt. #95), and Plaintiffs' reply (Dkt. #97), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #82) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiffs John Priester and Bettie Priester's Partially Unopposed Motion for Miscellaneous Relief (Dkt. #74) is **GRANTED IN PART AND DENIED IN PART**, that Plaintiffs are **DENIED** leave to file the Amended Complaint (Dkt. #75), and that

Plaintiffs' first-filed Amended Complaint (Dkt. #66) is **STRICKEN**.

It is further **ORDERED** that Plaintiffs are granted leave to file an amended complaint within fourteen (14) days of the date of this order strictly in compliance with the Court's instructions, which permit *only* as follows: Plaintiffs are permitted to amend to provide factual allegations as directed in the Court's March 3 Memorandum (Dkt. #64), which permits *only* that Plaintiffs describe "more fully . . . the details of the alleged material change in circumstances" defense they have asserted; Plaintiffs are further permitted to add claims under the TDCA as alleged in the Amended Complaint (Dkt. #75) against Defendants Deutsche Bank and SPS. The amended complaint shall not attempt to join any new (or previously dismissed) parties, to add any new claims not authorized herein (i.e., any new claims other than the TDCA claims as alleged in the Amended Complaint (Dkt. #75) against Defendants Deutsche Bank and SPS), or in any way to deviate from the express instructions provided herein. Should Plaintiffs seek to add any new parties, to add any other new claims, or in any way to deviate from the express instructions provided herein, Plaintiffs must first seek leave of Court through a motion requesting same.

**IT IS SO ORDERED**.

**SIGNED this 30th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE