# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOHN PRIESTER, JR., AND BETTIE PRIESTER | § § § § § § § § § |
| v. | |
| LONG BEACH MORTGAGE COMPANY, ET AL., | |

Civil Action No. 4:16-CV-00449
(Judge Mazzant/Judge Johnson)

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 13, 2017, the report of the Magistrate Judge (Dkt. #127) was entered containing proposed findings of fact and recommendations that Plaintiffs' Motion for Abstention (Dkt. #99) be denied. Having received the report of the Magistrate Judge (Dkt. #127), having considered each of Plaintiffs' timely filed objections (Dkt. #133), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #127) as the findings and conclusions of the Court.

## BACKGROUND

This lawsuit arises out of an alleged void lien encumbering Plaintiffs' property. Plaintiff initially filed a lawsuit on October 26, 2010, attempting to receive a judicial determination that the lien encumbering their homestead was void (Dkt. #127 at 1). The court ultimately dismissed Plaintiffs' complaint, finding a four-year statute of limitations applied to their claims under the

Texas Constitution. *Id.* at 1-2. Plaintiffs appealed the judgment to the Fifth Circuit, and the Fifth Circuit affirmed. *Id.* at 2. Finally, the Supreme Court of the United States denied certiorari. *Id.*

In November 2014, Defendants sought to foreclose on Plaintiff's property. *Id.* In 2016, Plaintiffs filed another lawsuit to prevent foreclosure. *Id.* Since Plaintiffs' initial lawsuit, the Texas Supreme Court found that no statute of limitations applies to an action to quiet title on an invalid home-equity lien. *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 549 (Tex. 2016). Now Plaintiffs argue the Court should abstain from asserting jurisdiction over this matter because federal courts have erroneously misinterpreted and misapplied Texas law (Dkt. #127 at 2). On September 13, 2017, the Magistrate Judge recommended Plaintiffs' Motion for Abstention (Dkt. #99) should be denied.

**ANALYSIS**

After review of Plaintiffs' Objection (Dkt. #133), the Court finds Plaintiffs simply reiterate the same arguments made in their motion (Dkt. #99) and reply (Dkt. #104). Plaintiffs attempt to compare their case to *Estate of Merkel v. Pollard*, in which the Fifth Circuit held abstention was appropriate. 254 F. App'x 88 (5th Cir. 2009). In *Merkel*, a wife's estate brought action against her ex-husband seeking to quiet title to a marital home; the Fifth Circuit held abstention was warranted because the only issue raised was whether the parties were married at the time the wife died, and the issue was decided by the Texas state probate court and was subject to review on appeal in state court. *Id.* at 91. Unlike *Merkel*, as the report previously found, here there is no specific issue in Plaintiffs' case that is currently being decided on appeal, and any issue has already been decided by the Texas Supreme Court. *See Ocwen Loan Servicing, L.L.C. v. Berry,* 852 F.3d 469, 473 (5th Cir. 2017) (the Fifth Circuit held that it would follow the Texas Supreme Court's holding in *Wood* that no statute of limitations applies to a borrower's allegations of violations of

the Texas Constitution in a quiet title action); *see also Crear v. JPMorgan Chase Bank N.A.,* 2011 WL 1129574, at *3 (5th Cir. Mar. 28, 2011) (the mere fact that allegations were asserted under state law does not mean that a district court should abstain; as long as the district court could ably apply Texas law to the facts at hand, there is no abuse of discretion for failing to abstain).

Therefore, Plaintiffs' case is not appropriate for an abstention because: (1) the case is not one involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in a particular case at bar; and (2) the exercise of federal jurisdiction over the question in the case will not disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern. *See Burford v. Sunoil Co.*, 319 U.S. 315, 316 (1943); *Barnhardt Marine Ins., Inc. v. New England Int'l Sur. of Am., Inc.*, 961 F.2d 529, 531 (5th Cir. 1992).

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiffs' timely filed objections (Dkt. #133), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #127) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiffs' motion (Dkt. #99) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 30th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE