# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN PRIESTER, JR. and <br> BETTIE PRIESTER, <br><br> Plaintiffs, <br><br> v. <br><br> LONG BEACH MORTGAGE <br> COMPANY, ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> Case No. 4:16-cv-00449 <br> Judge Mazzant/Judge Johnson |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 23, 2018, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (*see* Dkt. #168) that Plaintiffs John Priester, Jr. and Bettie Priester's ("Plaintiffs") Motion to Dismiss (the "Motion to Dismiss") (Dkt. #123) be denied and Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants") Motion for Summary Judgment (the "Motion for Summary Judgment") (Dkt. #143) be granted in part and denied in part. Plaintiffs filed objections to the report (Dkt. #185),[1] to which Defendants filed a response (Dkt. #187). Defendants likewise filed objections (Dkt. #183), to which Plaintiffs filed a response (Dkt. #186).

---
[1] The Court notes that Plaintiffs first filed objections on February 6, 2018 (Dkt. #181) and then filed amended objections on February 7, 2018 (Dkt. #185). The Court will consider only the amended objections filed by Plaintiff, along with Defendants' response thereto (Dkt. #187).

Plaintiffs also object to the Magistrate Judge's Order (*see* Dkt. #168) denying Plaintiffs' Motion to Strike Defendant's affirmative defenses (the "Motion to Strike") (Dkt. #122).

The Court has made a *de novo* review of the objections raised by both Plaintiffs and Defendants and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

This case involves an attempted foreclosure of Plaintiffs' real property located at 1406 Oakwood Drive, Allen, Texas, 75013 (the "Property"). In November 2005, Plaintiffs obtained from Long Beach Mortgage Company ("Long Beach Mortgage") a Home Equity Loan (the "Loan") encumbering the Property in the amount of $180,000.00. Defendant Deutsche Bank asserts it is the beneficiary of the Security Instrument and Defendant SPS is the current mortgage servicer. *See* Dkts. #119 and #121-3. Defendants allege Plaintiffs have not made scheduled monthly payments since January 1, 2010, and thus, are in default. *See* Dkt. #143 at 22-23. Defendants further allege the amount required to cure the default through January 5, 2017, is at least $116,897.56, and the amount to pay off the Loan is at least $309,679.74, as of November 3, 2016, with interest and other amounts continuing to accrue. *Id*. Plaintiffs argue, as they have since 2010, that the Loan is invalid.

The case has a long procedural history in this Court, including a lawsuit initiated in October 2010, against the prior lien holder, JP Morgan Chase Bank, NA, and its loan servicer, JP Morgan Chase & Co. (collectively, "Chase"). *See Priester v. Long Beach Mortgage Company, et al.* (*Priester I*), No. 4;10-cv-641. As explained in the Magistrate Judge's report (the "Report"), the

present lawsuit and *Priester I* involve essentially the same allegations, to-wit: the Loan was closed in violation of the Texas Constitution, Defendants (and their predecessors) have not cured the violations, and as a result, the Loan and the lien on the Property are void, Defendants are prohibited from foreclosing on the Property, Defendants are required to forfeit all principal and interest on the Loan, and Plaintiffs are entitled to a declaratory judgment to that effect. *See generally* Dkt. #168.

Plaintiffs' Motion to Dismiss challenges the facial sufficiency of Defendants' counterclaim seeking judicial foreclosure of the Property, or their claim in the alternative for equitable and/or contractual subrogation of the prior valid lien on the Property, as well as a counterclaim for attorneys' fees. *See* Dkt. #168; *see also* Dkt. #123.

The main thrust of Defendants' Motion for Summary Judgment is that Plaintiffs' claims are barred by *res judicata* based on the final judgment in *Priester I*, and thus, Defendants are entitled as a matter of law to either an order of foreclosure or equitable subrogation. *See id*. Plaintiffs counter that *res judicata* is inapplicable here, primarily based on the Texas Supreme Court's holdings in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016), and *Garofolo v. Ocwen Loan Servicing, LLC*, 497 S.W.3d 474, 477 (Tex. 2016).[2] The Motion for Summary Judgment also argues Plaintiffs' affirmative defenses to foreclosure are barred by estoppel and by the *D'Oench, Duhme* doctrine.

---

[2] As the Magistrate Judge explained, *Wood* and *Garofolo* examine and construe different subsections of Section 50 of the Texas Constitution and together "form a coherent whole." *See* Dkt. #168 at 3 (citing *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 602 (5th Cir. 2017) (internal citations omitted)). While *Wood* interpreted Section 50(c), which "broadly declar[es] the lien invalid if the underlying loan does not comply with section 50," *Garofolo* involved only Section 50(a), which contains the required terms in all foreclosure-eligible home equity loans. *Id*.

3

## II. DISCUSSION

### A. PLAINTIFFS' OBJECTIONS

#### 1. Motion to Strike

Plaintiffs take issue with the Magistrate Judge's Order denying the Motion to Strike, arguing that the Magistrate Judge disregarded the standard for a Rule 12(f) Motion to Strike. This is simply incorrect. The Magistrate Judge expressly sets out the standard for the application of a motion to strike in the Report, noting that motions to strike a defense are generally disfavored. *See* Dkt. #168 at 7 (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). The Report goes on to explain that although striking of allegations in a pleading "can be appropriate when they have no possible relation to the controversy and may cause prejudice to the one of the parties," that was not the case here. *See* Dkt. #168, p. 17 (citing *Am. Southern Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010)). The Magistrate Judge determined that Defendants pleaded their affirmative defenses with enough factual particularity to give Plaintiffs "fair notice," which is all that is required. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Because the Court finds the Magistrate Judge's Order denying Plaintiffs' Motion to Strike is not clearly erroneous or contrary to law, Plaintiffs' objection is **OVERRULED**. *See* FED. R. CIV. P. 72(a).

#### 2. Standing and Ownership of the Note

Plaintiffs also object to the Magistrate Judge's conclusion regarding Defendants' standing to foreclose. *See* Dkt. #185. According to Plaintiffs, the Magistrate Judge should have understood Plaintiffs' jurisdictional challenge as a constitutional issue without "any further explanation." *Id.* at 1. However, it is Plaintiffs' obligation to articulate and provide support for their arguments. The Court is not bound to divine a constitutional argument where none was articulated. To the extent

4

that Plaintiffs now argue that their unsupported allegations regarding Defendants' standing to foreclose violates Article III of the Constitution, that argument is unpersuasive. Article III of the Constitution gives the federal courts jurisdiction only over cases and controversies. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). The difference between an abstract question and a "case or controversy" is one of degree and is not discernible by any precise test. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297-98 (1979). The basic inquiry is whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, rather than hypothetical or abstract. *See id*. There is nothing hypothetical or abstract about the controversy in this case, and the very fact that Defendants assert their standing to foreclose while Plaintiffs dispute it is sufficient to establish the Court's jurisdiction under Article III of the Constitution.

Furthermore, as the Magistrate Judge explained, the standing to foreclose argument has been addressed and discarded by the Fifth Circuit numerous times. *See Lowery v. Bank of Am.*, 2013 WL 5762227, at *2 (Tex.App.—San Antonio Oct. 23, 2013, no pet.) (mem. op.); *accord Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir.2013) (applying Texas law); *Reinagel v. Deutsche Bank National Trust Company*, 735 F.3d 220 (5th Cir. 2013); *see also Bierwirth v. BAC Home Loans Servicing, L.P.*, 2012 WL 3793190, at *3 (Tex.App.—Austin Aug. 30, 2012, pet. denied) (mem. op.); *Hornbuckle v. Countrywide Home Loans, Inc.*, 2011 WL 1901975, at *3 (Tex.App.—Fort Worth May 19, 2011, no pet.) (mem. op.).

Plaintiffs also challenge Defendants' ownership of the Loan arguing that Defendants cannot prove they own the note and attacking the summary judgment evidence, which shows an unbroken chain of assignments of the Deed of Trust from the originating mortgagor, Long Beach Mortgage Company, to Defendant Deutsche Bank. Plaintiffs' assertions that Defendants are

"strangers" to the Loan, as well as their unfounded speculation that the "real owner" may come to sue Plaintiffs in the future, are unpersuasive. Plaintiffs also incorrectly argue that the Magistrate Judge did not sufficiently analyze the meaning of "void" with respect to the assignments at issue. However, the Report adequately addresses the distinction between "void" and "voidable," and points to the lack of any evidence to support Plaintiff's argument that the assignments are void. *See* Dkt. #168 at 11.

Moreover, as the Report explains, neither the assignments nor the Loan's securitization status govern the issue of standing to foreclose; the Texas Property Code does. Deutsche Bank qualifies as a mortgagee with standing to foreclose under Texas Property Code § 51.0001 because it is the last entity to whom the security interest has been assigned. *See id*. at 10 (citing TEX. PROP. CODE ANN. § 51.0001(4)). Moreover, as explained in the Report, under Texas law, a mortgagee or mortgage servicer can foreclose under a deed of trust regardless of whether it is a holder or owner of the note. Accordingly, the Magistrate Judge correctly analyzed Plaintiffs' standing challenge, and these objections are **OVERRULED**.

### 3. *Res Judicata*

Plaintiffs next object to the Magistrate Judge's conclusion that their claims are barred by *res judicata*. However, the Magistrate Judge's analysis was thorough, well reasoned, and supported by ample legal authority. Plaintiffs' rationale for their claim that Deutsche Bank lacks privity with Long Beach Mortgage Company is the same as their securitization and assignment theory and fails for the same reasons explained above.

Plaintiffs also object to the Report's finding that the Texas Supreme Court's decisions in *Wood* and *Garofolo* do not represent as broad a change in decisional law as Plaintiffs argue, and that even assuming those cases entitle Plaintiffs to relitigate their claims, does not necessarily

mandate a different outcome. *See* Dkt. #168 at 24. First, the Court agrees with the Magistrate Judge's analysis and conclusion regarding the narrow implications of *Wood* and *Garofolo*. Second, and more importantly, there is substantial authority that *res judicata* applies even if the prior judgment "may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Plaintiffs argue that *Moitie* is inapplicable here because it involved constitutional rights, and the Fifth Circuit has held that *res judicata* cannot bar a matter which implicates a question on constitutional rights. *See* Dkt. #185 at 6 (citing *Jackson v. DeSoto Par. Sch. Bd.*, 585 F.2d 726, 729 (5th Cir. 1978)). *Jackson*, however, is readily distinguishable from the case at bar because it concerned a substantial change in constitutional rights involving voting re-apportionment plans. No such significant changes or fundamental rights—or even public policy—are involved in this case. Plaintiffs' only argument is that *they* will not benefit if *res judicata* is applied. This is an insufficient basis to warrant an exception to the general rule that changes in the law after a final judgment do not prevent the application of *res judicata* and collateral estoppel, and Plaintiffs' objections on this basis are **OVERRULED**.

    4. **Applicable Statutes of Limitations**

Plaintiffs also protest the Magistrate Judge's finding that Plaintiffs' claims are beyond the applicable statute of limitations. However, the Report addresses the statute of limitations for each of Plaintiffs' claims, and the Court finds no error in either the analysis or the conclusion. Therefore, Plaintiffs' objection to this finding is **OVERRULED**.

    5. **Defendants' Counterclaim for Equitable Subrogation**

Finally, Plaintiffs object to the Magistrate Judge's conclusion that Defendants' equitable subrogation counterclaim should be granted. Plaintiffs argue that Defendants came to the Court

7

with unclean hands. *See* Dkt. #185 at 7. However, Plaintiffs did not raise this affirmative defense prior to summary judgment and presented no evidence to support it. As for Plaintiffs' argument that the counterclaim is time barred because the accrual date of a subrogation claim is the date Defendants failed to respond to Plaintiffs' notice to cure (*see id.*), Plaintiffs are wrong. A cause of action for equitable subrogation does not accrue until the maturity date of a secured note, and the prior GMAC lien paid off by Loan Beach Mortgage Company has not yet matured. *See Gillespie v. Ocwen Loan Servicing, LLC*, 2015 WL 12582796, at * 4 (S.D. Tex. 2015).

### B. DEFENDANTS' OBJECTIONS

#### 1. Application of Summary Judgment Burdens

Defendants' first objection is that the Magistrate Judge misapplied the burdens on summary judgment based on the finding that Defendants failed to rebut Plaintiffs' constitutional defense regarding the closing of the Loan. *See* Dkt. #183. Defendants argue that Plaintiffs, as the party asserting an affirmative defense, has the burden of proving the defense. *Id*. As Defendants correctly assert, Plaintiffs submitted no evidence to support their allegations that the manner of the Loan's closing violated the Texas constitution. However, Plaintiffs have asserted since *Priester I* that the loan is constitutionally void, and the operative complaint herein seeks a declaratory judgment to that effect. Thus, Plaintiffs' affirmative defense to Defendants' counterclaim for judicial foreclosure has essentially the same effect as their affirmative claim that the Loan be declared void and Defendants be prohibited from foreclosing. In light of the foregoing, the Court agrees with the Magistrate Judge's application of the burden. The Court declines to summarily rule out Plaintiff's affirmative defense when it also forms the basis for their affirmative claim on a disputed question of fact.

### 2. Application of *Res Judicata* to Plaintiffs' Affirmative Defenses

Defendants also object that the Report did not address the application of *res judicata* to Plaintiffs' affirmative defenses to foreclosure. *See* Dkt. #183. However, as explained above, the Court is unwilling to bar Plaintiffs' affirmative defense that Defendants are not entitled to foreclose because the lien is constitutionally void on a disputed question of fact.

### 3. Application of *Estoppel* to Plaintiffs' Affirmative Defenses

Defendants also argue the Magistrate Judge erred in her finding that genuine disputes of material fact exist regarding the constitutional violations alleged by Plaintiffs and Defendants' alleged failure to cure them, thereby rendering the lien constitutionally void. *See* Dkt. #183 at 5-6. Defendants argue the Magistrate Judge took Plaintiffs' allegations as true and disregarded undisputed evidence establishing that Plaintiffs are estopped as a matter of law from taking a position contrary to representations they made in the Loan agreement. *Id*. The procedural posture in terms of estoppel in this case is somewhat reversed. Defendants are asserting estoppel as a defense to Plaintiffs' affirmative defense to Defendants' counterclaim for judicial foreclosure. Plaintiffs remain steadfast in their position that the lien is void and cannot be "estopped" into existence. *See* Dkt. #184 at 4*; see also Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 784 (Tex. 1988).

At the time of closing, Plaintiffs signed a Home Equity Affidavit and Agreement (the "Affidavit") stating that: (a) the Loan was being closed, and the loan documents were signed, in "the office of the Lender, an attorney at law, or a title company;" and (b) "[t]he Note and Security Instrument have not been signed before the twelfth (12th) day after the later of the date the owner of the Property submitted an application to the Lender, or the Lender's representative for the Extension of Credit, or the date that the Lender, or the Lender's representative provided the owner

9

with a copy of the Notice concerning Extensions of Credit defined by Section 50(a)(6), Article XVI of the Texas Constitution." *See* Dkt. #143-4. Plaintiffs' complaint, however, asserts that the Loan was closed in Plaintiffs' home rather than at the office of the lender, an attorney at law, or a title company in violation (*see* Dkt. #101 at ¶16-17), and they were not provided the required twelve-day notice (*see id.* at ¶15). Plaintiffs aver they were "coerced" by the lender and the other parties involved in the closing of the Loan into signing the Affidavit. *See generally* Dkt. #101; *see also* Dkt. #184 at 4. Defendants deny both allegations. *See* Dkt. #109 at ¶¶13-15.

To establish the defense of estoppel, Defendants must prove: (1) a false representation or concealment of material facts; (2) made with the knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; and (5) who detrimentally relies on the representations. *Salas v. LNV Corp.*, 409 S.W.3d 209, 218-19 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (internal citations omitted). Estoppel arises where, by the fault of one, another is induced to change his position to his detriment. *Id*. Plaintiffs argue that estoppel is inapplicable when (as Plaintiffs assert is the case here) "coerced statements of a homeowner [ ] contradict factual matters that the [l]ender knew of when originating the [L]oan." The Court agrees with Plaintiffs—although not for the same reasons.

The Court finds Defendants have not adequately briefed the required elements of estoppel. In particular, Defendants have not shown how they detrimentally relied on the contrary statements in the Affidavit. Furthermore, upon review of the cases cited by both Plaintiffs and Defendants, the Court is of the opinion that the applicability of estoppel depends "on the peculiar facts of [each] case," *Matter of Rubarts*, 896 F.2d 107, 111 (5th Cir. 1990), and in light of the disputed facts here, the Court agrees with the Magistrate Judge's conclusion that Plaintiffs should not be estopped

from asserting the constitutional defects in the lien as a defense to Defendants' judicial foreclosure counterclaim. Accordingly, this objection is **OVERRULED**.

    **4. Application of *D'Oench, Duhme* to Plaintiffs' Affirmative Defenses**

To the extent the Report does not specifically address the application of the *D'Oench, Duhme* doctrine, the Court finds the omission has little, if any, significance to the Report's ultimate findings. The *D'Oench, Duhme* doctrine, first announced in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942), and codified in 12 U.S.C. § 1823(e), provides that no agreement which tends to diminish or defeat the interest of the FDIC in any asset acquired as security for a loan, or by purchase, or as a receiver of any insured bank, shall be valid against the FDIC and its assigns unless it is in writing, executed by the bank contemporaneously with the bank's acquisition of the asset, approved by the bank's board of directors or loan committee which approval shall be reflected in the minutes of the board or committee, and has been from its execution an official record of the bank. *See Buchanan v. Federal Sav. & Loan Ins. Corp.*, 935 F.2d 83 (5th Cir. 1991), *disapproved of on other grounds by Dendinger v. First Nat. Corp.*, 16 F.3d 99 (5th Cir. 1994). The main inquiry in determining whether the *D'Oench, Duhme* doctrine bars the assertion of a claim against the FDIC (or its successor in interest), is whether the party "lent himself to a scheme or arrangement whereby the banking authority on which [the FDIC] relied in insuring the bank was or was likely to be misled." *Id*. at 85 (citing *D'Oench, Duhme*, 315 U.S. at 460). As the Fifth Circuit explained in *Buchanan*, "[t]his "lent himself" language has caused courts to focus upon the relative culpability of the party making the claim that would defeat the FDIC's expectations. *Id*.

In the case at bar, Plaintiffs assert that Deutsche Bank is an assignee in the chain from the FDIC. *See* Dkt. #101 at ¶26. Defendants argue the same affidavit discussed above implicates *D'Oench, Duhme*. However, the Court is not persuaded that the *D'Oench, Duhme* doctrine is

applicable here. First, as explained in the preceding section, a factual dispute exists as to the specific manner of the Loan's closing. Second, there is no evidence here that Plaintiffs "lent themselves" to a misleading scheme or arrangement." *See Buchanan*, 935 F.2d at 86. The Court, therefore, concludes that Plaintiffs' affirmative defenses are not barred by *D'Oench, Duhme* as a matter of law, and this objection is **OVERRULED**.

### 5. Contractual Subrogation

Finally, Defendants object that although the Magistrate Judge recommended granting summary judgment of Defendants' equitable subrogation claim, she did not explicitly extend her recommendation to their contractual subrogation claim. Defendants argue the Loan also provides for subrogation under its own contractual terms claim. *See* Dkt. #183 at 7-8. The Magistrate Judge concluded that Defendants provided competent summary judgment evidence to establish the prior GMAC lien was paid off from the settlement of the Long Beach Mortgage Loan and they are entitled to equitable subrogation up to the amount of that payoff, or $156,152.59, plus interest. However, because Defendants also provide summary judgment evidence supporting their entitlement to contractual subrogation (*see* Dkt. #143-4 at ¶ 23), summary judgment of that claim should likewise be granted.

## III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Dismiss (Dkt. #123) is **DENIED**, and Defendants' Motion for Summary Judgment (Dkt. #143) is **GRANTED** in part and **DENIED** in part as follows:

1. Summary judgment is **GRANTED** as to all of Plaintiffs' affirmative claims, as these claims were previously adjudicated, or could have been adjudicated in *Priester I*, and are thus, barred *by res judicata*;

2. Summary judgment is **DENIED** as to Defendants' Counterclaims for judicial foreclosure and attorneys' fees; and

3. Summary judgment is **GRANTED** as to Defendants' Counterclaims for equitable and contractual subrogation.

**IT IS SO ORDERED**.

SIGNED this 28th day of February, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE