# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN PRIESTER, JR. and BETTIE PRIESTER § § <br> v. § § § <br> LONG BEACH MORTGAGE COMPANY, § <br> et al. § | Civil Action No. 4:16-CV-00449 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Amend Joint Pre-Trial Order (Dkt. #189). Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be granted in part.

> [T]rial judge[s are] vested with broad discretion to preserve the integrity and purpose of a pretrial order. Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice. However, in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the [C]ourt is slight.

*Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972) (citing FED. R. CIV. P. 16; *Cent. Distribs., Inc. v. M.E.T., Inc.*, 403 F.2d 943, 943 (5th Cir. 1968); *Henry v. Comm'r of Internal Revenue*, 362 F.2d 640, 643 (5th Cir. 1966); *Laird v. Air Carrier Engine Serv., Inc.*, 263 F.2d 948 (5th Cir. 1959)); *accord DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003). Based on the record in this case, the Court finds that amending the pre-trial order to allow for a jury trial, as opposed to a bench trial, would cause substantial injury to Defendants in this case. Further, with the trial scheduled to begin only seventeen days after the motion to amend was filed, eleven days after the response was filed, and five days after this Order is entered, changing the trial from a bench trial to a jury trial will result in a considerable inconvenience to the Court.

However, as to the addition of affirmative defenses, the inclusion of "Texas Constitution," "Fraud," "Illegality," and "Defendants counterclaim cannot be brought"[1] would not present substantial injury or inconvenience to the Court because Plaintiffs have raised the issues before and Defendants will not be surprised by the arguments. Further, it would create an injustice to Plaintiffs, if the Court prevented Plaintiffs from asserting their defenses that have been properly raised in this case. As to Plaintiffs' remaining affirmative defenses, they have either previously been disposed of by the Court or were not timely asserted. Raising new affirmative defenses at such a late stage in the litigation would be prejudicial and would cause substantial injury to Defendants.

It is therefore **ORDERED** that Plaintiffs' Motion to Amend Joint Pre-Trial Order (Dkt. #189) is hereby **GRANTED in part**. It is granted in so far as the Court allows for an amendment to add the affirmative defenses of "Texas Constitution," "Fraud," "Illegality," and "Defendants counterclaim cannot be brought." It is denied as to the remaining affirmative defenses and as to the jury demand. The parties shall file an Amended Pre-Trial Order by 5:00 p.m. on Friday, March 2, 2018 reflecting the changes permitted by this Order.

**SIGNED this 28th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendants only response to this affirmative defense is not a recognized affirmative defense by Federal or Texas law. While that may be, the Court will still permit Plaintiffs to make the argument, even if it is not technically labeled an "affirmative defense."