# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN PRIESTER, JR. and BETTIE PRIESTER | § § § § § § § § § § | Civil Action No. 4:16-CV-449<br>Judge Mazzant |
| v. | | |
| LONG BEACH MORTGAGE COMPANY, et al. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Amend Judgment Under Rules 59(e) or 60 (Dkt. #233). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This case arises out of a dispute regarding payments on a Home Equity Loan (the "Loan") encumbering the property located at 1406 Oakwood Drive, Allen, Texas, 75013 (the "Property"). Defendants Deutsche Bank National Trust company and Select Servicing, Inc. seek to judicially foreclose on the Property because of Plaintiffs' default on the Loan.

On November 3, 2017, Defendants submitted a motion for judgment against Plaintiffs' affirmative claims and also in support of Defendants' counterclaims for judicial foreclosure and subrogation (Dkt. #143). On January 23, 2018, the Magistrate Judge entered an Order and Report and Recommendation ("the Report") on, among other motions, Defendants' motion for summary judgment, recommending the Court grant the requested relief except for Defendants request for summary judgment on its counterclaim for judicial foreclosure (Dkt. #168). Both Plaintiffs and Defendants filed objections to the Report (Dkt. #185; Dkt. #183). The Court overruled the

objections and adopted the Report on February 28, 2018 (Dkt. #194). The Court proceeded with a bench trial on March 5, 2018. After evaluating the record, the Court entered a reconsideration of its summary judgment and order and alternatively issued findings of fact and conclusions of law on September 18, 2018 (Dkt. #218). The Court entered final judgment in accordance with that order on February 20, 2019 (Dkt. #226).[1]

Plaintiffs timely appealed the Court's decision on February 20, 2019 (Dkt. #228). The appeal remains pending. Defendants subsequently filed a motion for attorneys' fees (Dkt. #229) on February 22, 2019. On August 15, 2019, Plaintiffs filed the present motion to amend judgment (Dkt. #233). Defendants filed a response to the motion on August 29, 2019 (Dkt. #234). Finally, on September 4, 2019, Plaintiffs filed a reply to the motion (Dkt. #236).

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting

---

[1] The Court initially entered final judgment the on September 18, 2018, which was withdrawn by a joint request by the parties and re-entered at a later date.

*Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

A motion seeking reconsideration of a final judgment that is filed within 28 days of the judgment is considered under Rule 59(e). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

A motion seeking reconsideration of "a 'final' judgment or order" and filed more than 28 days of the judgment or order is considered under Rule 60(b). *Zimzores*, 778 F.2d at 266; *see Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding based on the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

## ANALYSIS

Plaintiffs ask the Court to correct the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60. As an initial matter, Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court entered judgment on this case on February 20, 2019. The present motion was not filed until August 15, 2019, well after the 28-day deadline required by Rule 59(e). Thus, any relief under this rule is untimely and therefore improper.

Regarding Rule 60, Plaintiff argues that the Court retains plenary power over the case to alter the judgment despite the appeal because there are still matters pending before it in this case, namely the motion for attorneys' fees. The Court disagrees. Regardless of the pending motion for attorneys' fees,[2] the law is clear.

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously[. Thus, t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals

---

[2] Plaintiffs ask the Court to issue an order stating that Defendants have abandoned their request for attorneys' fees because they did not mention the motion in their response to the motion to amend judgment. (Dkt. #236 at p. 1). However, the Court does not find the fact that Defendant did not mention the motion for attorneys' fees to equate to an abandonment of the request. In fact, the motion for attorney's fees is irrelevant to the matter as the Court will explain.

and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted). The Fifth Circuit further explains that "[a] notice of appeal from an interlocutory order does not produce a complete divesture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). Moreover,

> "[A] perfected appeal divests the district court of jurisdiction." *Winchester v. United States Atty. for S.D. of Tex.,* 68 F.3d 947, 950 (5th Cir.1995). Once the notice of appeal has been filed, while the district court may *consider* or *deny* a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to *grant* such a motion while the appeal is pending. *Id.* at 949. "'When the district court is inclined to *grant* the 60(b) motion, . . . then it is necessary to obtain the leave of the court of appeals. *Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.*'" *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enters. Inc.,* 38 F.3d 1404, 1407 n.3 (5th Cir.1994)). If the district court "'indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion.'" *Winchester,* 68 F.3d at 949 (quoting *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 699 (5th Cir.1955)).

*Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (alterations in original) (emphasis in original). Regardless of the pending motion for attorney's fees, the appeal as to the Court's final judgment in this case is perfected. Plaintiff filed a motion to amend the judgment based on the final judgment, which is the matter on appeal. As such, at this stage, the Court has no authority to grant the motion.

However, the Court finds it unnecessary for Plaintiff to seek remand from the Fifth Circuit Court of Appeals because the Court finds that the motion should be denied. Plaintiff argues that the Fifth Circuit's ruling in *Zepeda* mandates that the Court to "re-evaluate its erroneous decision in the underlying matter to correctly apply Texas law and the Law of the Circuit." (Dkt. #233 at p. 1). According to Plaintiffs, the Fifth Circuit's decision that "a lien securing a constitutionally

5

noncompliant home-equity loan is not valid before the defect is cured[,]" should change the Court's ruling in this case. *Zepeda v. Fed. Home Loan Mortg. Corp.*, 935 F.3d 296, 299 (5th Cir. 2019) (quoting *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016)).

The Court correctly applied the law when it entered judgment. While *Zepeda* had not yet been decided at the time, *Zepeda* quotes the Supreme Court of Texas's *Wood* decision, which was the law at the time the Court issued its decision in this case. The Court acknowledges that it did not cite to *Wood* in its memorandum opinion and order; however, that was not a misapplication of Texas law. Instead, it was unnecessary to reach the decision of the effect of a constitutionally non-compliant home-equity loan that had not been cured. The Court found that the summary judgment evidence, or alternatively the evidence submitted at the bench trial, demonstrated that the "[l]oan complied with the challenged sections of the Texas Constitution", (Dkt. #218 at p. 7); *accord* (Dkt. #218 at pp. 7, 22, 25–26), and that Plaintiffs were estopped from arguing the loan did not comply with the Texas Constitution. (Dkt. #218 at p. 10). Accordingly, "the loan was valid" and there was nothing for Defendants to cure in the case. (*See* Dkt. #218). Accordingly, at the time *Wood*, and now also *Zepeda* have no effect on the Court's ruling in this case.[3]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Amend Judgment Under Rules 59(e) or 60 (Dkt. #233) is hereby **DENIED**.

---

[3] Plaintiff additionally argues that the Court similarly misapplied Texas law on contractual subrogation for substantially the same reasons. However, as explained above the Court found that the loan complied with the Texas Constitution, or Plaintiffs were estopped form arguing it did not comply. Therefore, the Court properly applied Texas law to the facts of the case. This argument similarly is unpersuasive to alter the judgment in this case.

6

**SIGNED this 3rd day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE