# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JOHN PRIESTER, JR. and BETTIE PRIESTER<br><br>v.<br><br>LONG BEACH MORTGAGE COMPANY, et al. | § <br> § <br> § Civil Action No. 4:16-CV-449 <br> § Judge Mazzant <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Attorneys' Fees and Costs (Dkt. #229). After considering the relevant pleadings, the Court finds the motion should be denied.

### BACKGROUND

This case arises out of a dispute regarding payments on a Home Equity Loan (the "Loan") encumbering the property located at 1406 Oakwood Drive, Allen, Texas, 75013 (the "Property"). Defendants Deutsche Bank National Trust company and Select Servicing, Inc. seek to judicially foreclose on the Property because of Plaintiffs' default on the Loan. Plaintiffs filed suit in this case on June 6, 2016 in the 380th Judicial District Court of Collin County, Texas. Defendants removed to this Court on June 27, 2016 (Dkt. #1). Plaintiffs allege the following counts: declaratory judgment, defamation, fraudulent concealment, fraud by non-disclosure, common law fraud, negligent misrepresentation, breach of contract, and Texas Debt Collection Practice Act violations (Dkt. #101). Defendants counterclaimed for judicial foreclosure and subrogation (Dkt. #119).

On November 3, 2017, Defendants submitted a motion for summary judgment against Plaintiffs' affirmative claims and also in support of Defendants' counterclaims for judicial

foreclosure and subrogation (Dkt. #143). On January 23, 2018, the Magistrate Judge entered an Order and Report and Recommendation ("the Report") on, among other motions, Defendants' motion for summary judgment, recommending the Court grant the requested relief except for Defendants' request for summary judgment on its counterclaim for judicial foreclosure (Dkt. #168). Both Plaintiffs and Defendants filed objections to the Report (Dkt. #185; Dkt. #183). The Court overruled the objections and adopted the Report on February 28, 2018 (Dkt. #194). The Court proceeded to a bench trial on March 5, 2018. After evaluating the record, the Court entered a reconsideration of its summary judgment and order and alternatively issued findings of fact and conclusions of law on September 18, 2018 (Dkt. #218). The Court entered final judgment in accordance with that order on February 20, 2019 (Dkt. #226).[1]

On February 22, 2019, Defendants filed the present motion for attorneys' fees (Dkt. #229). Plaintiff filed their response to the motion on March 8, 2019 (Dkt. #230). No reply was filed.

## ANALYSIS

Defendants request attorneys' fees and costs under Federal Rule of Civil Procedure 54. Because federal jurisdiction is based on diversity in this case, the Court must apply the substantive law of Texas. *Camacho v. Texas Workforce Com'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Texas law has consistently held that recovery of attorneys' fees is not allowed, "unless authorized by statute or contract." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. It is at the discretion of the Court to award or deny attorneys' fees provided for by contract; however, this discretion is limited when a contractually authorized provision for attorneys' fees exists between the parties. *McDonald's Corp. v. Watson*, 69 F.3d 36, 45 (5th Cir. 1995); *Cable*

---

[1] The Court initially entered final judgment on September 18, 2018, which was withdrawn by a joint request by the parties and re-entered at a later date.

*Marine, Inc. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980). According to the Fifth Circuit, the Court may deny a motion for attorneys' fees based on a contractual provision if "such an award would be inequitable and unreasonable." *See McDonald's Corp.*, 69 F.3d at 46; *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 245 (5th Cir. 2014).

Defendants assert that they are entitled to recover their attorneys' fees based on defending a breach of contract claim pursuant to Texas Civil Practice and Remedies Code Section 38.001 and prevailing on their judicial foreclosure claim. (Dkt. #229 at p. 1). Defendants would likely be awarded attorneys' fees in this case, but in exercise of the Court's discretion, the motion is denied because the Court finds that such an award would be inequitable and unreasonable. *See, e.g., Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985); *Williams*, 560 F. App'x at 245; *Singha v. BAC Home Loans Servicing, LP*, 4:10-CV-692, 2011 WL 7678684 at *14–15 (E.D. Tex. July 20, 2011). The Court has a large number of mortgage cases on its docket. Plaintiffs, in good faith, filed this lawsuit seeking to assert their rights under the Loan and the Texas Constitution. Although the Court found no remedy for Plaintiffs in this case, the Court does not find it would be equitable to have Plaintiffs pay Defendants attorneys' fees and costs.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Attorneys' Fees and Costs (Dkt. #229) is hereby **DENIED**.

**SIGNED this 20th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE